1815.

Duvall
vs
Medtart

tem authorises the court to make allowance for all personal expenses incurred by executors in the settlement of the estate. Even if it did not, the error of the former judgment could not now be rectified; nor is it right to do wrong in this suit, because the court might possibly have done wrong in a former one.

The next question is, What commission ought to be allowed? It cannot be less than five, nor more than ten per cent. This question is submitted to the court upon the inventory and accounts, and upon the will. It appears that there was considerable trouble and difficulty imposed upon the executrix by the will. She is the widow of the deceased, asking of her children remuneration for that trouble. The court, upon examination of the case, will say, that she ought to receive as liberal a commission as the law will authorise them to give.

No Counsel argued for the Appellees.

DECREE REVERSED.

---

DECEMBER.

A sale of an unsound slave, known to be so by the seller, and concealed from the purchaser, held fraudulent, and the purchase money recovered back.
Declarations, explaining the object of writing a letter, admitted to be given in evidence, tho' offered by the party making them, and by whom the letter was written.

DUVALL vs. MEDTART.

APPEAL from *Frederick* County Court. This was an action on the case, to recover damages for a fraud in the sale of an unsound slave. The declaration contained two counts—1. For the sale of an unsound slave; and 2. On a warranty, &c. The defendant, (now appellee,) pleaded not guilty, and issue was joined.

1. At the trial the plaintiff offered in evidence, that the negro man, mentioned in the declaration, was sold to him by the defendant for $400, in the manner mentioned in the declaration. That he was ruptured and diseased be-

fore and at the time of the sale, and that the defendant knew him to be so, and concealed it from the plaintiff. The defendant then offered evidence, that the negro was sound at the time of the sale; and that about four months after the negro was so sold, the plaintiff wrote to a certain *Christian Kemp*, by the negro, offering him the said negro for the sum of $400 cash, or $450 credit. The plaintiff then offered evidence, that the negro had a wife at *Kemp's*, and wished to go to him. And also offered to prove by a competent witness, who was present at the time the said letter was written, that he, the plaintiff, said at that time that he would fix a price, which he knew would prevent a purchase by *Kemp*, and that he only wrote the letter in order to deceive the negro, and to prevent him from absconding, through fear of being returned to the defendant. Neither *Kemp* nor the defendant were present at the time. The defendant objected to this evidence, and prayed that the same might not be permitted to be given to the jury. And the Court, [*Buchanan*, Ch. J. and *Shriver*, A. J.] were of opinion, that the same was not legal and competent testimony, and refused to permit it to go the jury. The plaintiff excepted.

2. The plaintiff having offered in evidence that the defendant sold him the negro in question for $400, upon the terms mentioned in the first count in the declaration, then offered to read in evidence a bill of sale, executed on the 24th of July 1810, by which the said negro was transferred to the plaintiff by the defendant, for the consideration of $400, and whereby the defendant warranted and defended the said negro to the plaintiff, against him the defendant, his executors, &c. and against every other person or persons whomsoever; and that the said negro was then and there delivered to the plaintiff. The plaintiff further offered in evidence, that at the time of the said sale and conveyance the said negro was unsound, diseased, ruptured, and afflicted with the consumption, and was unable to do ordinary and usual labour from the time of said sale, in consequence of said diseases; and that the said negro was known by the defendant to be so diseased at the time of the sale; and that he concealed the same from the plaintiff. The defendant then offered in evidence, that the negro was sound at the time of the sale; and also offered in evidence, that about three weeks after the sale and conveyance, in a conversa-

tion between the plaintiff and defendant, the plaintiff complained that the negro could not work, and that the defendant told him he ought to make him. Plaintiff then said I will examine him whem I go home, and if I find he is not sound, I will return him. Defendant said do so. The negro was not returned, but died in possession of the plaintiff in December 1810. The defendant then prayed the opinion of the court to the jury, that if the jury should find from the evidence, that after the sale of the negro mentioned in the declaration, it was agreed between the defendant and plaintiff, that the plaintiff should examine the negro, and if any defect was found, that then the plaintiff might return the negro to the defendant, and that the contract should in such case be vacated; that if the negro never was returned, that then the plaintiff is not entitled to recover on the first count in the declaration. Of this opinion the court was, and so directed the jury, with the qualification that the plaintiff was not induced to continue the negro in his possession by misrepresentations of the defendant, (as to his health and soundness,) at the time of the conversation above stated, or subsequent thereto. The plaintiff excepted.

3. The defendant then prayed the court to direct the jury, that if they do not find from the evidence, that at the time of the sale of the negro the defendant affirmed that he was sound, that then the plaintiff is not entitled to recover on the first count in the declaration. This direction the court refused to give. The defendant excepted. The verdict and judgment being against the plaintiff, he appealed to this court.

The cause was argued before Chase, Ch. J. and Nicholson, Earle, and Johnson, J.

Taney, for the Appellant. 1. To show that the declarations of the plaintiff below offered to be given in evidence, as stated in the *first* bill of exceptions, ought to have been permitted by the court below, he referred to *Holsten vs. Jumpson*, 4 *Esp. Rep.* 189; and *Phillips vs. Eamer*, 1 *Esp. Rep.* 357.

2. That the plaintiff, at the time the defendant offered to take back the negro, had then a full cause of action, and therefore the defendant's consenting to permit the negro to be returned did not take away that cause of action. If

the negro was unsound, the right of action related to the time of the sale, and was not done away by the after agreement or permission assented to by the defendant. Those cases where the thing sold must be returned, are where the agreement for the return is a part of the original contract, and is not applicable to subsequent agreements. He referred to 2 *Com. on Cont.* 281.

1815.

Easton
vs
Snavely

*Shaaff*, for the Appellee. 1. The declarations made by the plaintiff, which he wished to give in evidence, went to contradict the letter, and to show an imposition was then contemplated, and therefore were properly rejected. 2. There was a new contract which vacated the first, and the new contract not having been complied with, the original contract was terminated. The plaintiff under the second contract, being a physician, was bound to examine the negro, to see whether or not he was sound, and if he did not, or if he did and found him unsound, and did return him, he was bound by that contract, and can have no claim under the first agreement.

THE COURT dissented from the opinions given by the court below in the *first* and *second* bills of exceptions. The *third* bill of exceptions, having been taken by the defendant below, was not before the court.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.